*IN THE UNITED STATES DISTRICT COURT FOR DISTRICT OF MARYLAND*
*NORTHERN DIVISION*

| | |
|---|---|
| **JANICE BOWIE**     *Plaintiff* | * |
| | * |
| v. | Case No. |
| | * |
| **UNIVERSITY OF MARYLAND** **MEDICAL SYSTEMS**     *Defendant* | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW COMES, PLAINTIFF JANICE BOWIE,** by and through her attorneys, Marlene A. Johnson and the Law Office of Marlene A. Johnson, P.C. and this Complaint and for reason states:

### *JURISDICTION*

1. This action is brought pursuant to Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act or the Age Discrimination in Employment Act seeking both declaratory and injunctive relief and damages.

2. Jurisdiction is specifically conferred on this Court by 28 U.S.C. Section 1331, 1343. Jurisdiction is also based on 28 U.S.C. Sections 1331, 1343 and 42 U.S.C. Sections 1981 et seq. and any related claims under the laws of the State of Maryland.

3. Venue in this matter is proper in the Northern District of Maryland as 1) all claims arise in the District, 2) Plaintiff resides in the District and 3) Defendant's corporate headquarters is located within the District.

4. Plaintiff Janice Bowie is an adult resident of Baltimore Maryland residing at 6106 Meadow Avenue, Gwynn Oak, Maryland.

5. That Defendant University of Maryland Medical System is a corporation organized under the laws of the State of Maryland with its principal place of business at 3104 Lord Baltimore Drive, Baltimore, Maryland 21207.

## *NATURE OF CASE*

6. That Plaintiff was employed by Defendant from June 2006 until on or about May 17, 2012, as a Physical Therapist.

7. That on or about May 21, 2012 and continuing, Defendant discriminated against Plaintiff in that Defendant:

    a. Failed to provide reasonable accommodations for Plaintiff's disability that would allow for Plaintiff to continue employment with Defendant.
    b. That Defendant refused Plaintiff the opportunity to return to employment with Defendant as a Physical Therapist because of Plaintiff's disability.
    c. That Defendant refused Plaintiff the opportunity to return to employment with Defendant as a Physical Therapist because of Plaintiff's request for reasonable accommodations.
    d. That Plaintiff received disparate treatment from Defendant as a result of her disability in that Defendant recruited for Plaintiff's position while Plaintiff was out on a leave of absence and requested that Plaintiff not access handicap accessible accommodations within Defendant's facility.

    That this actions constitute, individually and collectively, a violation of the Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act or the Age Discrimination in Employment Act.

8. That Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission regarding the Defendant's discriminatory conduct on or about June 4, 2012.

9. That the Equal Employment Opportunity Commission sent the attached "Dismissal and Notice of Rights" which was received on July 11, 2014. *See attached Dismissal and Notice of Rights dated July 9, 2014 and attached at Plaintiff's Exhibit No. 1.*

10. That Defendant's conduct is discriminatory with respect to the following disability that Plaintiff's suffers from: Multiple Sclerosis.

11. That Defendant, despite my reasonable request, has failed and refused to cease or retract its discriminatory act(s).

## *CAUSE OF ACTION*

12. That Defendant has discriminated against Plaintiff in that

a. While Plaintiff was employed with Defendant as a Physical Therapist, Plaintiff as diagnosed with Multiple Sclerosis.
b. That Plaintiff's condition worsened such that Plaintiff was required to take a leave of absence from her employment with Defendant.
c. That on or about May 21, 2012, Plaintiff received a letter dated May 9, 2012 informing Plaintiff that the request for reasonable accommodations was denied. This decision was made without discussions or dialogue with Plaintiff.
d. That on or about May 22, 2012, Plaintiff requested a FMLA leave of absence, which was denied by Defendant.
e. That on or about May 22, 2012, Plaintiff's health care provider, Diane Vargas, provided a "Duty Status Form" which stated that Plaintiff could return to work on May 29, 2012 with the following accommodations:
    i. No lifting over ten (10) pounds;
    ii. No transferring of patients;
    iii. The ability to take a 10 minute repositioning break for every fifteen (15) minutes spent standing;
    iv. The ability to rest for five (5) minutes for every ten (10) minutes spent walking;
    v. The ability to take ten (10) minutes repositioning break for every thirty (30) minutes spent sitting;
    vi. Minimal usage of stairs;
    vii. Restrictions on repetitive bending or lifting with the legs or knees; and
    viii. Restrictions on overhead reaching.

f. That on or about June 19, 2012, Plaintiff's health care provider, Diane Vargas, provided a "Duty Status Form" which stated that Plaintiff could return to work with the following accommodations:
    i. No lifting over ten (10) pounds;
    ii. Handling only 25% of the load during patient transfers;
    iii. No transferring of patients from bed to chair, or vice versa, or transfer patients from bed to another bed or stretcher;
    iv. The ability to take a five (5) minute repositioning break for every 30 minutes standing;
    v. The ability to rest for five (5) minutes for every 40 minutes spent walking;
    vi. The ability to take a five (5) minute repositioning break for every two (2) hours spent sitting;
    vii. Minimal usage of stairs;
    viii. Restrictions on repetitive bending or lifting with the legs or knees; and
    ix. Restrictions on overhead reaching.

13. With these reasonable accommodations, Plaintiff would have been able to perform the essential functions of the position for which she was initially hired.

14. That Defendant failed and refused to make reasonable accommodations that would have allowed Plaintiff to perform the essential functions of the position for which she was initially hired.

15. That the stated reasonable accommodations would not place and undue hardship upon Defendant.

### *INJURY*

16. As a result of Defendant's actions, Plaintiff suffered tremendously and irreparably in that Plaintiff has lost income, benefits and suffered other damages and endured substantial pain and suffering.

### *PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF*

17. That Plaintiff has not filed any other lawsuits in state or federal court pertaining to the facts herein described.

18. Other than the Claim with Equal Employment Opportunity Commission, there is no other informal or formal relief sought from the appropriate administrative officials regarding the acts complained of herein.

**WHEREFORE, PLAINTIFF JANICE BOWIE** respectfully requests:

A. That this Honorable Court issue an order granting Plaintiff's request for declaratory and injunctive relief and to permanently require Defendants to reinstate Plaintiff Janice Bowie with the reasonable accommodations;

B. That this Honorable Court declare that Defendant's conduct in failing to provide reasonable accommodations and terminating/failing to reinstate Plaintiff Janice Bowie to be position as a Physical Therapist with Defendant to be unlawful and in violation of Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act or the Age Discrimination in Employment Act;

C. That Defendant University of Maryland Medical System be ordered to pay to Plaintiff Janice Bowie the sum of Two Million Dollars ($2,000,000.00);

D. That Defendant University of Maryland Medical System be ordered to pay to Plaintiff Janice Bowie the sum of One Million Dollars ($1,000,000.00);

E. That Defendant University of Maryland Medical System be ordered to pay Plaintiff Janice Bowie punitive damages for Defendant's malicious and intentional conduct in the amount of One Million Dollars ($1,000,000.00);

F. That Plaintiff Janice Bowie be awarded attorney's fees, costs and expenses of litigation and such other relief at law or in equity to which the Plaintiffs may be entitled;

G. That a merits trial be held to determine the merits of Plaintiff's claim;

H. And such other and further relief as the nature of her cause may require.

|  |  |
|---|---|
| 10/9/2014 | /s/ Marlene A. Johnson, Esquire |
| **DATE** | **MARLENE A. JOHNSON, ESQUIRE** |
|  | **Law Office of Marlene A. Johnson, P.C.** |
|  | 3655A Old Court Road – Suite 11 |
|  | Pikesville, Maryland 21208 |
|  | (410) 921-9534 |
|  | *Attorney for Plaintiff Janice Bowie* |

### JURY DEMAND

Plaintiff demands a jury trial on all claims stated herein.

### *DECLARATION UNDER PENALTY OF PERJURY*

The undersigned declares under the penalties of perjury that she is the Plaintiff in the above action that she had read the above complaint and that the information contained therein is true and correct.

**/s/ Janice Bowie**
**Janice Bowie, Plaintiff**